IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANTONIO AGUIRRE VILLA,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN TONY NORMAND, et al.,<br><br>  Respondents. | CIVIL ACTION NO.: 5:25-cv-89 |

### ORDER AND REPORT AND RECOMMENDATION

Petitioner filed a Petition for Writ of Habeas Corpus and Complaint for Declarative and Injunctive Relief under 28 U.S.C. § 2241. Petitioner's Response, doc. 14, to my Report and Recommendation, doc. 11, and Respondents' Motion to Dismiss, doc. 16, are now before the Court. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondents' Motion to Dismiss, doc. 16. Additionally, I **ORDER** Respondents to respond to Petitioner's Amended Petition **on or before October 23, 2025**. Petitioner may then file a Reply within seven days. I recommend the Court **DENY** Petitioner's request for an order barring his transfer to any other Immigration and Customs Enforcement ("ICE") detention facility.

### BACKGROUND

In his original Petition, Petitioner sought release from ICE detention at the Folkston Detention Center. He claimed he had been unconstitutionally detained despite an immigration judge's order releasing him on a $10,000.00 bond. Doc. 1 at 1–2. Specifically, Petitioner was detained by ICE even after the bond order due to a regulation which imposes an automatic stay of an immigration judge's custody redetermination order for up to 10 days pending the

Department of Homeland Security's ("DHS") filing of a Notice of Appeal (Form EOIR-43) to the Board of Immigration Appeals ("BIA") and for 90 days throughout the pendency of the appeal to the BIA.  8 C.F.R. § 1003.19(i)(2).  Petitioner originally claimed that the regulation is ultra vires and invalid and that he has been deprived of liberty without procedural and substantive due process.  Doc. 1 at 11–18.

Petitioner, through counsel, filed a Motion for Order to Show Cause.  Doc. 5.  Counsel asked the Court to: (1) direct the Clerk of Court to serve a copy of the 28 U.S.C. § 2241 Petition served upon the United States Attorney's Office; (2) require Respondents to respond to the Petition within three days; (3) require Respondents to produce a copy of the record for Petitioner's immigration proceedings; and (4) order Respondents to produce Petitioner's body so the Court can have custody over Petitioner during the resolution of this cause of action.  Id. at 2.  Petitioner has also filed an "Emergency Motion for Temporary Restraining Order," seeking the same remedy he seeks in the Petition itself: "to restrain ICE from continuing to unlawfully detain him."  Doc. 7 at 2.

I granted Petitioner's Motion for Order to Show Cause in part.  I found that, under Rumsfeld v. Padilla, the only proper Respondent in this action is Warden Tony Normand.  542 U.S. 426 (2004).  Therefore, I recommended Respondents Todd Lyons, George Sterling, Kristi Noem, and Pamela Bondi all be dismissed.  See Doc. 11 at 2.  I denied Petitioner's request to "take custody of the Petitioner's body," I directed the United States Marshal to serve the Respondents, and I ordered the Respondents to respond to the Petition in 14 days instead of the 3 days Petitioner requested.

Petitioner filed a "Response" to my Order.  Doc. 14.  He seeks reconsideration of the Order allowing the Respondent 14 days to respond to the Petition and objects to the

2

recommendation that Respondents Lyons, Sterling, Noem, and Bondi be dismissed.  Id. at 3–6.  Petitioner also requests expedited consideration and an immediate hearing on the TRO.  Id. at 7–9.  Finally, he clarifies that he seeks "a limited order under 28 U.S.C. §§ 1651(a),m [sic] 2241 to prevent the transfer of the petitioner outside the Court's district without prior leave."  Id. at 9.  Petitioner argues the measure is "necessary to maintain the Court's jurisdiction and ensure effective review, as supported by precedents like Rumsfeld v. Padilla and Ex parte Endo."  Id. at 9–10.

Petitioner then filed an "Amended Verified Petition for Writ of Habeas Corpus and Complaint for Declarative and Injunctive Relief."  Doc. 15.  Petitioner explains that DHS filed a notice of appeal and appealed the BIA's bond decision.  Id. at 15.  While the appeal was pending, attorneys for DHS then filed a motion for bond redetermination with the immigration judge, relying on the recently decided Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).  On September 30, 2025, the immigration judge reversed his bond decision, denying the bond previously granted.  The immigration judge held that under Yajure Hurtado, the court had no jurisdiction to issue a bond.  Id. at 15–16.  Petitioner amended his Petition to argue that, because the Yajure Hurtado decision is unlawful, the immigration judge's reversal was in error.  Thus, Petitioner now seeks 11 forms of relief and claims:

1. A declaratory judgment that "Petitioner is not an applicant for admission or arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b) and that Petitioner's detention is governed solely by 8 U.S.C. § 1226(a), which provides for discretionary bond hearings;"

2. Unlawful detention due to statutory violation of the Immigration Nationality Act ("INA"): Petitioner challenges the no-bond detention as a violation of the INA, specifically 8 U.S.C. § 1226(a), which entitles Petitioner to a bond hearing before an immigration judge.  Petitioner claims the no-bond detention "frustrates" the initial determination and that the government's application of § 1225(b) to Petitioner is contrary to the statute and decades of agency and judicial practice;"

3

3. Petitioner argues that his continued detention without a bond hearing violates binding agency regulations, including 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, which require that non-citizens apprehended in the interior be eligible for bond and custody review under § 1226(a);

4. The automatic stay mandated by 8 C.F.R. § 1003.19(i)(2) is ultra vires;

5. His continued detention is a violation of the Fifth Amendment's procedural due process guarantees;

6. His continued detention violates his substantive due process rights;

7. Respondent's actions are arbitrary and capricious under the Administrative Procedures Act ("APA");

8. The July 2025 ICE memorandum and the BIA's decision in Yajure Hurtado constitute final agency actions that are not in accordance with law and are contrary to constitutional rights, in violation of the APA;

9. Respondents acted in excess of statutory authority by detaining Petitioner under § 1225(b) when only § 1226(a) applies, in violation of 5 U.S.C. § 706(2)(C);

10. Respondents violated the Accardi doctrine by failing to follow their own regulations and procedures, as required by United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954).

11. Respondents violated the APA and Petitioner's reliance interests by arbitrarily revoking his release on recognizance and the administrative closure of his proceedings in 2011.

See Doc. 15 at 41–68.

## DISCUSSION

I.  **Respondent's Motion to Dismiss**

After Petitioner amended his Petition, Respondents filed a Motion to Dismiss, which is clearly directed at Petitioner's first Petition. Respondents argue first that Petitioner's claims are moot, given the immigration judge's reversal of the decision on Petitioner's bond, which has resulted in the disputed regulation being irrelevant to Petitioner's continued detention. They then

argue, "[w]hen a plaintiff files an amended complaint, the earlier amended complaint becomes a legal nullity," and that, because Petitioner filed an Amended Petition, "the Petition filed on August 29, 2025, in this matter is now moot."  Doc. 16 at 6.

It is well established that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect."  Renal Treatment Ctrs.-Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. CV 608-087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005); in turn citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982))); accord Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").  As a result, the original Petition is now moot.  However, Respondents' suggestion that, because the original Petition in this case is now a nullity, the case should be dismissed as moot, is unconvincing.  Instead, it is Respondents' Motion to Dismiss the first Petition that is moot.  See, e.g., Lee v. Correct Care Sols., LLC, No. CV 119-012, 2019 WL 5390000, at *1 (S.D. Ga. Oct. 21, 2019).  Therefore, I **RECOMMEND** the Court **DENY as moot** Respondents' Motion to Dismiss, doc. 16.  The Amended Petition is now the operative petition in the case.

Next, Respondents state that, under the Federal Rules of Civil Procedure, an amended pleading permits the responding party an additional 14 days in which to file a response.  Doc. 16 at 7 (citing Fed. R. Civ. P. 15(a)(3)).  Respondents then assert that they "intend to respond to the Amended Petition on or before October 23, 2025."  Id. at 7.  The rule Respondents rely upon, however, states that parties are given 14 days after service to respond "[u]nless the court orders otherwise."  Id. (citing Fed. R. Civ. P. 15(a)(3)).  The Court construes Respondents' notification

5

of their intent to respond in 14 days as a request, which is granted. The Court **ORDERS** Respondents to respond to Petitioner's Amended Petition **on or before October 23, 2025.**

II.     **Petitioner's Requested Relief From the Report and Recommendation**

Now the Court turns to Petitioner's requested relief sought in his Response to my earlier ruling. Petitioner seeks reconsideration of the schedule set for Respondents' response to the Petition; he objects to the Report and Recommendation for the dismissal of the non-warden Respondents; and he asks the Court for an order restricting Petitioner's transfer outside the Court's jurisdiction. Doc. 14.

On his first request, given the above direction to the Respondents, Petitioner's request for reconsideration of the response deadlines is now moot.[1]

On his second request, regarding the dismissal of certain Respondents, Petitioner argues:

> [Petitioner] names certain federal officials in their official capacities solely to preserve alternative, non-habeas avenues for prospective relief—such as as-applied declaratory and injunctive orders under 28 U.S.C. § 1331, the APA's waiver of sovereign immunity, 5 U.S.C. § 702, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the All Writs Act, 28 U.S.C § 1651—necessary to enjoin enforcement of 8 C.F.R. § 1003.19(i)(2) as applied to Petitioner, ensure compliance with DHS/EOIR custody regulations, prevent transfer/removal, and effectuate any release the Court orders at the agency level where policy and implementation authority reside.

Doc. 14 at 4. Petitioner "acknowledges Rumsfeld v. Padilla, which the Court previously relied upon, given its acknowledgement that the majority of courts have applied the immediate-custodian rule to habeas petitions filed by aliens in immigration detention, 542 U.S. at 435 n.8. The Court in Padilla rejected arguments that the immediate-custodian rule does not apply in cases involving prisoners detained for "other than federal criminal violations" and the related argument that in such cases the proper respondent is the person exercising the "legal reality of

---

[1] Petitioner may file a reply to Respondents' Response to the Amended Petition within seven days of the Response.

control." Padilla, 542 U.S. at 437.  However, Petitioner claims that he "does not rely on the named Respondent officials from DHS, ICE, and the U.S. Department of Justice (DOJ) (such as Lyons, Noem, Bondi)" (hereinafter, the "non-warden Respondents"), as 'habeas respondents.'"[2] Doc. 14 at 5 (citing Rumsfeld v. Padilla, 542 U.S. 426 (2004)).  Thus, he asks the Court not to dismiss the non-warden Respondents.

Notably, Respondents filed a collective dispositive Motion to Dismiss on mootness grounds, despite my recommendation they be dismissed.  Therefore, I **VACATE in part** my prior Report and Recommendation.  Padilla, 542 U.S. at 452 (O'Connor, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government.").  Respondents may raise arguments concerning the propriety of Petitioner's attempts to seek relief against the non-Warden Respondents in their Response to the Amended Petition if they choose, and the Court will consider those arguments in due course.

Next, the Court considers Petitioner's request for the Court to prevent his transfer out of the District.  In his Amended Petition, Petitioner states:

---

[2] Plaintiff will need to demonstrate the basis for proceeding against each of these Respondents on each count asserted.  See Dickey v. Warden, FCI Marianna, CV 522-84, 2022 WL 17969167 (N.D. Fla. Dec. 8, 2022) (declaratory relief unavailable under § 2241 if release from confinement, or reduction of its duration, would not follow), report and recommendation adopted, 2022 WL 17968838 (N.D. Fla. Dec. 27, 2022), aff'd 2023 WL 5014363 (11th Cir. 2023); but see Villafuerte v. Warden, Stewart Det. Ctr., No. 4:18-CV-116, 2018 WL 6626640, at *3 (M.D. Ga. Nov. 27, 2018), report and recommendation adopted sub nom. Villafuerte Antunez v. Nielsen, 2018 WL 6620890 (M.D. Ga. Dec. 18, 2018) ("[Habeas] cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody.") (quoting Pierre v. United States, 525 F.2d 933, 936 (5th Cir. 1976)); see also Lashley v. Gonzalez, No. 1:07-CV-1589, 2007 WL 2908652, at *1 n.1 (N.D. Ga. Oct. 2, 2007) ("[T]he only relief available via a habeas corpus action is immediate or speedier release from custody." (citing Preiser v. Rodriquez, 411 U.S. 475 (1973))).

> To prevent ouster of this Court's habeas jurisdiction, the Court should, pursuant to 28 U.S.C. § 1651(a) (All Writs Act) and 28 U.S.C. § 2241, issue an immediate limited order prohibiting Respondents from transferring Petitioner outside the court's District or otherwise changing Petitioner's immediate custodian without prior leave of Court while this action is pending. Such relief is necessary in aid of jurisdiction because habeas is governed by the district-of-confinement/immediate-custodian rule, and transfer can frustrate effective review.

Doc. 15 at 10. This is the fourth time Petitioner has sought this relief, but he has provided little, if any, authority for the request. See Doc. 1 at 19; Doc. 5 at 2; Doc. 14 at 9. Initially, the Court considered his request to be for the Court to take custody over Petitioner or perhaps for the Court to order Respondents to produce Petitioner at some yet-to-be scheduled hearing. However, the Court now understands Petitioner's concern to be transfer during the pendency of the case. Petitioner argues an order restricting his transfer would prevent "ouster of this Court's habeas jurisdiction," and he seeks injunctive relief to prevent that, but Petitioner has not shown that the Court's jurisdiction would be in jeopardy if he is transferred.

Section 2241(a) grants jurisdiction to the district court to provide habeas relief when the inmate is confined within its district at the time the petition is filed. See Padilla, 542 U.S. at 434 n.7; Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). It is well settled that if a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction. 542 U.S. at 440 (relying on Ex parte Endo, 323 U.S. 283, 306 (1944)). Thus, jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. Tang v. Gonzales, No. 4:06cv00277, 2006 WL 3628061, at *1 (N.D. Fla. Aug. 18, 2006) (citing Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) ("If a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.")). In this

case, it is undisputed that Petitioner was detained within this District at the time he filed his § 2241 Petition, and jurisdiction attached in this District then—just as he argued. Doc. 1 at 2–3. Accordingly, unless and until Petitioner can provide authority demonstrating that an order prohibiting his transfer is necessary or even proper, I **RECOMMEND** the Court **DENY** that request.

Therefore, I **RECOMMEND** that the Court **DENY as moot** Respondents' Motion to Dismiss. Doc. 16. The Court **ORDERS** Respondents to respond to Petitioner's Amended Petition in **seven** days, or on Thursday, October 23, 2025, by 5:00pm. As explained above, the Court **DENIES** Petitioner's various requests for relief including in the Report and Recommendation. I **RECOMMEND** the Court **DENY** Petitioner's request for an order barring his transfer to any other ICE detention facility. I **VACATE** the portion of my prior Report and Recommendation, to the extent I recommended dismissal of non-warden Respondents, doc. 11, though the directives issued in the Order still stand.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA