# In the United States District Court for the Southern District of Georgia Waycross Division

ANTONIO AGUIRRE VILLA,

    Petitioner,

v.

WARDEN, FOLKSTON ICE PROCESSING CENTER, et al.,

    Respondents.

5:25-cv-89

## ORDER

Before the Court are the Magistrate Judge's September 19, 2025 and October 16, 2025 Reports and Recommendations. Dkt. Nos. 11, 19. After an independent and de novo review, the Court concurs with the Magistrate Judge's second Report and Recommendation, dkt. no. 19, to which Petitioner filed Objections. Dkt. Nos. 14, 30. For the reasons explained below, the Court **OVERRULES** Petitioner's Objections. The Court **ADOPTS** the October 16, 2025 Report and Recommendation as the opinion of the Court and **DENIES as moot** Respondents' Motion to Dismiss, dkt. no. 16.[1]

---

[1] The Court recently consolidated numerous similar cases into this case. This Order applies only to the above-captioned case.

Petitioner filed a Petition for Writ of Habeas Corpus and Complaint for Declarative and Injunctive Relief under 28 U.S.C. § 2241. Dkt. No. 1. The Magistrate Judge directed service of his Petition on the Warden Respondent but recommended dismissing Respondents Lyons, Sterlin, Noem, and Bondi (the "non-habeas Respondents"). Dkt. No. 11. Petitioner objected to their dismissal. Petitioner then amended his Petition. Dkt. No. 15. Respondents then filed a collective Motion to Dismiss, arguing that the original Petition was moot. Dkt. No. 16. Because all Respondents filed a collective Motion to Dismiss despite the Magistrate Judge's recommendation some of them be dismissed, the Magistrate Judge vacated his original recommendation that the non-habeas Respondents be dismissed. The Magistrate Judge also recommended denying the Motion to Dismiss. Dkt. No. 19 at 4-6. Petitioner again objected. Dkt. No. 30. Respondents did not object to the recommendation that their Motion to Dismiss be denied.

In his second set of Objections, Petitioner continues to contest the dismissal of the non-habeas Respondents, and he reasserted his argument that, "[t]o prevent ouster of this Court's habeas jurisdiction," the Court should "issue an immediate limited order prohibiting Respondents from transferring Petitioner outside the court's District." Dkt. No. 29 at 9. Petitioner also withdrew his emergency Motion for Temporary Restraining Order. Id. at 11.

As to the dismissal of non-habeas Respondents, the Magistrate Judge has already vacated his Recommendation they be dismissed. Therefore, Petitioner's continued objection to their dismissal is unnecessary. On the issuance of an order limiting Petitioner's transfer, Petitioner concedes jurisdiction would not be in jeopardy if Petitioner were transferred, but in the next breath, he argues "[s]uch an order is legally authorized and necessary to preserve the Court's jurisdiction, ensure meaningful judicial review, and protect Petitioner's constitutional rights." Id. at 9. Petitioner's argument is unconvincing. Petitioner has conceded that jurisdiction is not in jeopardy and has not asserted any reason why the Court should exercise its "inherent authority" to issue the requested order. The Court **OVERRULES** Petitioner's Objections.

The Magistrate Judge recommended denying Respondents' Motion to Dismiss because Respondents sought dismissal of a superseded Petition and, thus, the Motion is moot. Respondents filed no Objection. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Dkt. No. 19. The Court **DENIES as moot** Respondent's Motion to Dismiss, dkt. no. 16, and **DENIES** Petitioner's request for an order barring his transfer to any other ICE detention facility. The Magistrate Judge has already vacated his prior Report and Recommendation. The Court **DIRECTS** the Clerk

of Court to **TERMINATE** the first Report and Recommendation. Dkt. No. 11.[2]

**SO ORDERED**, this ___ day of November, 2025.

```
_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```

---

[2] The Magistrate Judge's rulings made on Order, as opposed to the recommendations, still stand.