# In the United States District Court for the Southern District of Georgia Waycross Division

ANTONIO AGUIRRE VILLA,

    Petitioner,

v.

WARDEN, FOLKSTON ICE
PROCESSING CENTER, et al.,

    Respondents.

CV 525-089

## ORDER

Before the Court is Petitioner's motion for costs, fees and other expenses under the Equal Access to Justice Act ("EAJA"). Dkt. No. 118.  The motion has been fully briefed and is ripe for review.  Dkt. Nos. 118, 120, 125.

## BACKGROUND

In August 2025, Petitioner Antonio Aguirre Villa brought a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  The Court ultimately granted the petition in part, finding that Petitioner falls in the category of those detainees who have been released on a previous occasion but are now detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' decision in Matter of Yajure Hurtado.  See Dkt. No. 84 at 24. The Court ordered the Warden-Respondent to release Petitioner subject to the bond conditions previously set by the immigration

judge within three days.  Id.  Following his successful habeas petition, Petitioner now moves for an award of attorney's fees pursuant to the EAJA.  Dkt. No. 118.  Respondent objects to the motion.  Dkt. No. 120.

## DISCUSSION

The EAJA permits a court to award attorney fees and other expenses to a prevailing party in civil litigation against the United States.  28 U.S.C. § 2412(2)(b).  "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quotation marks omitted).

The Supreme Court "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957) (citing United States v. Sherwood, 312 U.S. 584, 590-91 (1941)).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text," and such a waiver of "sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  Lane v. Pena, 518 U.S. 187, 192 (1996) (first citing United States v. Nordic Village, Inc.,

503 U.S. 30, 33-34, 37 (1992); then citing United States v. Williams, 514 U.S. 527, 531 (1995)).

Because "[t]he EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable," the EAJA "amounts to a partial waiver of sovereign immunity." Ardestani v. Immigr. & Naturalization Serv., 502 U.S. 129, 137 (1991). The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party *in any civil action* (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The issue presented in this case is whether the EAJA unequivocally waives the United States' sovereign immunity with regard to fee awards in immigration habeas corpus proceedings. More specifically, the Court must determine whether immigration habeas corpus cases qualify as "any civil action" as expressed in the EAJA.

This Court has previously noted a circuit split regarding the applicability of EAJA attorney's fees and costs awards to habeas corpus proceedings. Da Silva Martins v. Warden, Folkston ICE Processing Facility, No. 5:25cv152, 2025 WL 3722042, at *1 n.1 (S.D. Ga. Dec. 23, 2025). While the Eleventh Circuit has

3

not spoken to this precise issue, it has recognized the hybrid nature of habeas corpus proceedings. See Anderson v. Singletary, 111 F.3d 801, 804 (11th Cir. 1997) ("[H]abeas corpus cases are, in effect, hybrid actions whose nature is not adequately captured by the phrase 'civil action'; they are independent civil dispositions of completed criminal proceedings. The 'civil' label is attached to habeas proceedings in order to distinguish them from 'criminal' proceedings, which are intended to punish and require various constitutional guarantees." (quoting Santana v. United States, 98 F.3d 752, 754 (3d Cir. 1996))); see also Santana, 98 F.3d at 754 ("In light of their hybrid nature, habeas proceedings are often determined to be outside the reach of the phrase 'civil action.'"); id. at 754-55 (citing Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971) (nationwide service of process under 28 U.S.C. § 1391(e) applicable in civil proceedings against United States employees and officers is not available in habeas corpus proceedings); Harris v. Nelson, 394 U.S. 286 (1969) (civil discovery rules do not automatically apply to habeas proceedings); Ewing v. Rodgers, 826 F.2d 967 (10th Cir. 1987) (a habeas corpus suit is not a "civil action" for purposes of an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)); Boudin, 732 F.2d 1107 (2d Cir. 1984) (similar); Dillard v. Blackburn, 780 F.2d 509 (5th Cir. 1986)

4

("[H]abeas cases are not automatically subject to the rules governing civil actions."); Advisory Committee Note to Rule 11 of the Rules Governing § 2254 Cases (Federal Rules of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent with the habeas rules)).

In Anderson v. Singletary, the Eleventh Circuit analyzed whether the fee provisions of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), apply to habeas corpus cases. 111 F.3d at 802. The provision at issue set forth the procedures a prisoner must follow to bring a "civil action." Id. at 803 (citing 28 U.S.C. § 1915(a)(2)). Tasked with interpreting words according to their plain and ordinary meaning, the Eleventh Circuit held that the phrase "civil action" contained in the PLRA "does not plainly apply to habeas corpus proceedings." Id. at 805 (applying "the fundamental canon of statutory construction"). In reaching this conclusion, the Eleventh Circuit reasoned that "habeas corpus actions are not purely (and thus not plainly) 'civil actions.'" Id. at 804.

The Court finds the Eleventh Circuit's reasoning in Anderson applicable to this case. Since habeas actions are "not plainly civil actions," id., the term "civil action" as used in the EAJA cannot unambiguously include immigration habeas corpus proceedings. Barco v. Witte, 65 F.4th 782, 784 (5th Cir. 2023) ("Any waiver of the United States' sovereign immunity must be

5

express, unequivocal, and any ambiguity therein strictly construed in favor of the sovereign." (citing Lane, 518 U.S. at 192)). Therefore, strictly construing in the Government's favor the scope of the EAJA's waiver of sovereign immunity, Lane, 518 U.S. at 192, the Court holds that the EAJA does not waive the United States' sovereign immunity for awards of attorney's fees in habeas corpus proceedings.

CONCLUSION

Petitioner's motion for costs, fees and other expenses under the EAJA, dkt. no. 118, is **DENIED**.

**SO ORDERED**, this ___4___ day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA